FILED IN MY OFFICE
DISTRICT COURT CLERK
1/12/2015 11:38:23 AM
STEPHEN T. PACHECO
Victoria Martinez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

EVAN ROCHFORD, As Personal Representative
of The Wrongful Death Estate of James Rochford, deceased,

    Plaintiff,

v.                                              No. D-101-CV-2015-00063

CITY OF SANTA FE, NEW MEXICO,
SANTA FE POLICE DEPARTMENT, and
OFFICER SUZANNE BRUNK,

    Defendants.

## COMPLAINT FOR WRONGFUL DEATH

Plaintiff Evan Rochford, as personal representative of the Estate of James Rochford, for his Complaint against Defendants, states as follows:

1. Plaintiff is a resident of Santa Fe County, New Mexico, and will serve as the Personal Representative of the Wrongful Death Estate of James Rochford, deceased.

2. Defendant City of Santa Fe, New Mexico, (the "City") is a governmental entity and municipal corporation existing within the State of New Mexico, and at all times material acted through its agents, servants, and employees in the course and scope of their employment and in furtherance of the business of the City for which the City is liable under the New Mexico Tort Claims Act, Sections 41-4-6 and -12 NMSA 1978 ("TCA") and the Constitution of New Mexico, Sec. 18 ("NM Constitution").

3. Defendant Santa Fe Police Department ("SFPD") is a governmental entity created by state law, and operated by the City. At all times material hereto, SFPD acted through its agents, servants and employees in the course and scope of employment and in furtherance of the business of the SFPD for which the SFPD is liable under the TCA and the NM Constitution.



EXHIBIT A

4. Defendant Officer Suzanne Brunk at all times relevant hereto, was a police officer and employee of City and SFPD and acted in the course and scope of her employment by City and SFPD and under color of law. As such, City and SFPD are vicariously liable for the fault of Defendant Brunk pursuant to the doctrine of *respondeat superior*, the TCA and the NM Constitution.

5. All negligent acts and omissions of the Defendants were committed through their officers, directors, employees, agents, representatives and/or designees.

6. This Court has jurisdiction of the parties and the subject matter herein, and venue before this Court is proper.

## FACTUAL ALLEGATIONS

7. On January 18, 2013, the decedent James Rochford was a patron at a restaurant in Santa Fe known as "Tiny's."

8. Mr. Rochford became involved in an altercation with other patrons, and was held on the ground by several of the patrons.

9. Personnel from SFPD were called to the premises.

10. Defendant Brunk arrived at the premises and handcuffed Mr. Rochford with two sets of handcuffs while he was face down on the ground.

11. Defendant Brunk left Mr. Rochford face down on the floor as she investigated the events and interviewed witnesses.

12. As a direct and proximate result of Defendant Brunk's actions and omissions, the negligent use of her police equipment, specifically the handcuffs, and her deprivation of his right to due process, Mr. Rochford asphyxiated and died.

## **COUNT I – NEGLIGENCE**

13. Defendant Brunk owed a duty to Mr. Rochford to exercise the degree of care that reasonable and properly trained members of law enforcement would ordinarily exercise in using handcuffs to restrain a member of the public such as Mr. Rochford, considering his condition and circumstances.

14. Defendant Brunk knew or should have known that the way in which she used the handcuffs to restrain Mr. Rochford under the circumstances created an unreasonably high risk that he would be injured and/or die.

15. Defendant Brunk thereby breached the duty of care she owed to Mr. Rochford.

16. Defendant Brunk was negligent, and such negligence was a direct and proximate cause of Mr. Rochford's death.

17. Liability for such negligence is proper pursuant to the TCA Sections 41-4-6 and -12 NMSA 1978.

18. As a direct and proximate result of the negligence of Defendant Brunk, Mr. Rochford suffered damages, including but not limited to:

   A) wrongful death;

   B) excruciating pain, suffering, and mental anguish;

   C) past and future economic loss, including loss of earnings and earning ability;

   D) past and future loss of the value and enjoyment of life;

   E) past and future loss of consortium; and

   F) past and future loss of household services.

## COUNT II - NEGLIGENT SUPERVISION, INSTRUCTION, TRAINING, EVALUATION AND RETENTION

19. The City and SFPD are responsible for the acts and omissions of their officers, employees, agents and subcontractors, including Defendant Brunk.

20. The City and SFPD had a duty to adequately and appropriately hire, instruct, train, retain, supervise, and evaluate their employees, including Defendant Brunk in the correct and safe use of handcuffs and other restraints in order to no unreasonably endanger the health and safety of members of the public such as Mr. Rochford.

21. The City and SFPD breached these duties

22. The City and SFPD's breach directly and proximately caused Mr. Rochford to be wrongfully killed. Liability for such negligence is proper pursuant to the TCA Sections 41-4-6 and -12 NMSA 1978.

23. As a direct and proximate result of the negligence of Defendants City and SFPD, Mr. Rochford suffered damages, including but not limited to:

    A) wrongful death;

    B) excruciating pain, suffering, and mental anguish;

    C) past and future economic loss, including loss of earnings and earning ability;

    D) past and future loss of the value and enjoyment of life;

    E) past and future loss of consortium; and

    F) past and future loss of household services.

## COUNT III - VIOLATION OF THE NEW MEXICO CONSTITUTION

24. Section 18 of the NM Constitution prohibits the deprivation of life without due process of law.

25. Defendants' actions as set forth herein constitute a deprivation of such right as

guaranteed by the NM Constitution.

26. As a direct and proximate result of the Defendants' violation of the NM Constitution, Mr. Rochford suffered damages as set forth above.

**WHEREFORE**, Plaintiff prays for Judgment against Defendants, jointly and severally, in a sum to be determined at trial, together with his costs for this action, pre- and post-judgment interest as provided for by law, and such other relief as is deemed just and proper.

*"/s/" David Elias Idinopulos*
DAVID ELIAS IDINOPULOS
MICHAEL C. ROSS
Elias Law P.C.
111 Isleta Boulevard SW, Suite A
Albuquerque, NM 87105
(505) 221-6000
*Attorneys for Plaintiff*