IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EVAN ROCHFORD, as Personal Representative
of The Wrongful Death Estate of James Rochford, deceased,

    Plaintiff,

v.                                          Cause No. 15-CV-00919 KBM/LF

CITY OF SANTA FE, NEW MEXICO,
SANTA FE POLICE DEPARTMENT, and
OFFICER SUZANNE BRUNK

    Defendants.

**DEFENDANTS CITY OF SANTA FE,
SANTA FE POLICE DEPARTMENT, AND OFFICER SUZANNE BRUNK'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
<u>CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, AND WRONGFUL DEATH</u>**

**COME NOW** Defendants, the City of Santa Fe, the Santa Fe Police Department, and Officer Suzanne Brunk, by and through their attorneys of record, Brennan & Sullivan, P.A. (James P. Sullivan and Sabrina R. Salvato), and submit their Answer to Plaintiff's First Amended Complaint for Civil Rights Violations, Tort Claims, and Wrongful Death as follows:

1. Defendants are without sufficient knowledge to form a belief as to the allegations contained in the first part of the sentence of paragraph 1. Defendants admit that Evan Rochford has been appointed Personal Representative for the estate of James Rochford by the First Judicial Court, County of Santa Fe, New Mexico.

2. Defendants admit the City of Santa Fe, New Mexico is a governmental entity and a municipal corporation existing within the state of New Mexico and at all times

material acted through its agents, servants, and employees in the course and scope of their employment. Defendants deny liability.

3. Defendants admit the first sentence of paragraph 3. Defendants admit the City of Santa Fe's Police Department acted through its agents, servants, and employees in the course and scope of their employment. Defendants deny liability.

4. Defendants admit the first sentence of paragraph 4. Defendants deny the remaining allegations in Paragraph 4.

5. Defendants deny the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants admit the allegations contained in paragraph 7 and further state the establishment called "Tiny's" is a restaurant and lounge, serving alcoholic beverages to patrons.

8. Defendants admit the allegations contained in paragraph 8 but state they are without knowledge how many patrons were holding Plaintiff on the ground.

9. Defendants admit the allegations contained in paragraph 9.

10. Defendants admit the allegations contained in paragraph 10.

11. Defendants admit Officer Brunk left Plaintiff on the floor while she secured the scene. Defendants deny Plaintiff was "face down."

12. Plaintiff presents a legal conclusion in paragraph 12 of the First Amended Complaint to which no response is required.

13. Defendants admit Officer Brunk handcuffed James Rochford while on the floor while she investigated events and interviewed witnesses. Defendants deny James Rochford

was left "face down." The remaining allegations in paragraph 13 are legal conclusions to which no response is required.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Plaintiff presents a legal conclusion in paragraph 18 of the First Amended Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. In response to Plaintiff's alternative cause of action, Defendants state:

26. Plaintiff presents a legal conclusion in paragraph 26 of the First Amended Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30 but state the New Mexico Tort Claims Act is the law governing Count III of Plaintiff's First Amended Complaint.

31. In response to Plaintiff's alternative cause of action, Defendants state:

32. Plaintiff presents a legal conclusion in paragraph 32 of the First Amended Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 32.

33. Plaintiff presents a legal conclusion in paragraph 33 of the First Amended Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages were the result of Plaintiff's negligence, or the negligence of another third party, thereby barring the relief requested or reducing it some percentage extent depending upon the degree of fault apportioned to Plaintiff or other third parties pursuant to the rules of pure comparative negligence adopted by the State of New Mexico.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint for damages is limited pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's causes of action are barred and Defendants have been conferred immunity from suit pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' actions were privileged.

## SIXTH AFFIRMATIVE DEFENSE

The accident as set forth in Plaintiff's Complaint was unavoidable and occurred without the negligence of any party.

## SEVENTH AFFIRMATIVE DEFENSE

If the Defendants were negligent, which negligence is specifically denied, its negligence was not the proximate cause of the damages to Plaintiff, thereby barring Plaintiff's recovery.

## EIGHTH AFFIRMATIVE DEFENSE

Based upon allegations contained in the Complaint, the individual Defendants are entitled to qualified immunity.

## NINTH AFFIRMATIVE DEFENSE

Defendant Brunk enjoys statutory immunity from some or all of Plaintiff's claims.

**WHEREFORE**, Defendants request that Plaintiff's First Amended Complaint be dismissed with prejudice, for costs of suit, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: */s/ Sabrina Rodriguez Salvato*
Sabrina Rodriguez Salvato
James P. Sullivan
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of October, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Michael C. Ross, Esq.
David Elias Idinopulos, Esq.
Elias Law, P.C.
111 Isleta Boulevard, SW, Suite A
Albuquerque, NM 87105
david@abogadoelias.com
*Attorneys for Plaintiff*

By: */s/ Sabrina Rodriguez Salvato*
Sabrina Rodriguez Salvato