IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EVAN ROCHFORD, as Personal Representative
of The Wrongful Death Estate of James Rochford,
deceased,

    Plaintiff,

v.                                                        1:15-cv-00919-MCA-LF

CITY OF SANTA FE, NEW MEXICO,
SANTA FE POLICE DEPARTMENT,
and OFFICER SUZANNE BRUNK,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the parties' joint motion to approve the settlement for two minor children. Doc. 28. Pursuant to the parties' consent (Doc. 28), Chief District Judge M. Christina Armijo designated me to conduct the fairness hearing. Doc. 29. I conducted a fairness hearing on August 22, 2016, and I recommend that the Court grant the parties' motion and approve the settlement of this case for the two minor children.

The Court reviews settlements involving minor children and incapacitated persons for fairness. *See Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 30, 99 N.M. 802, 808, 664 P.2d 1000, 1006 ("In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child."), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 1992-NMSC-056, 114 N.M. 354, 838 P.2d 971; N.M. Stat. Ann. § 38-4-16 (settlement on behalf of an incapacitated person is "subject to the approval of the court in which the suit is pending").

The Court held a hearing on August 22, 2016, to determine the fairness of the proposed settlement, and whether it was in the best interests of R.R., age 17, and L.R., age 15, who are the minor siblings of the plaintiff Evan Rochford.  James Rochford, the decedent, was the father of Evan, R.R., and L.R.  Evan, age 22, is the personal representative of his father's estate.  R.R. and L.R. both reside with their mother, Debbie Rochford, who was divorced from the decedent at the time of the incident that gave rise to the lawsuit.  Michael C. Ross appeared on behalf of plaintiff.  Debbie and Evan Rochford, and R.R. and L.R. also were present.  Sabrina Salvato appeared on behalf of defendants City of Santa Fe, the Santa Fe Police Department, and officer Suzanne Brunk.[1]  Mark Ish appeared as the court-appointed guardian ad litem (GAL) for R.R. and L.R.  The report prepared by the GAL is thorough and details the history of this case, which I will not repeat here.  Doc. 32.  At the hearing, the Court received testimony from Mr. Ish, Evan, and Debbie, and heard the argument of counsel.

I have considered the evidence and argument presented at the hearing, the GAL report, and the basic terms of the proposed settlement.  I find that the proposed settlement meets the four factors set out in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322 (10th Cir. 1984) that the court considers when deciding whether to approve a settlement.  These factors are:  "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable."  *Id.* at

---

[1] Chief Judge Armijo dismissed defendants Suzanne Brunk and the Santa Fe Police Department on August 22, 2016.

324. I also find that the settlement is in the best interests of the minor children. *See Garcia*, 1983-NMCA-047, ¶ 30, 99 N.M. at 808, 664 P.2d at 1006

The parties participated in a mediation conducted by Philip Davis, an experienced private mediator, during which they spent several hours negotiating. While they did not settle on the day of the mediation, after additional contemplation, they were able to reach an agreement a few weeks following the mediation. Both Evan and Debbie were present for the mediation and discussed all settlement offers and counter-offers with Evan's attorneys, both during the mediation and as negotiations continued after the mediation. Evan testified that he understood the mediation process, that he was not pressured or coerced into settling the case, that he thought the settlement was fair and reasonable, and that he would like the Court to approve the settlement. I find that the settlement was honestly and fairly negotiated.

Although the parties had not filed dispositive motions by the time they reached a settlement, counsel for defendants advised that had the case not settled, defendants would have filed motions for summary judgment and a motion to dismiss based on qualified immunity. As noted in the report and stated by both Mr. Ross and Mr. Ish at the hearing, the outcome of this litigation is highly uncertain. Both Mr. Ross and Mr. Ish stated that they thought the facts and law favored the defendants. They also acknowledged that even if the Court did not grant defendants' dispositive motions, a jury very well might render a defense verdict. Based on my review of the facts of the case as well as the information presented at the hearing, I find that there are disputed issues of fact and law which would have required extensive motion practice, and which make the outcome of the litigation uncertain.

The amount of the settlement in this case is modest, and is to be distributed equally among the decedent's three children.   R.R. and L.R. will receive their respective shares upon turning 18.  As Evan explained at the hearing, given the uncertainty of a favorable outcome, the receipt of a modest sum now is better than possibly receiving less or even nothing should the litigation continue.   I find that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.

I have reviewed the GAL report and the proposed disposition of the settlement funds.  Plaintiff's counsel's fees and costs, along with New Mexico gross receipts tax, will be paid from the settlement proceeds.   Counsel and the GAL represented at the fairness hearing that defendants will pay the GAL's fees.   Each child of the decedent will receive an equal share of the net settlement proceeds, with R.R. and L.R. receiving their respective shares upon turning 18.  Although the sum to be distributed to Mr. Rochford's children is modest, Evan testified that it would benefit him and his siblings and would provide them with a "head start" in their young adulthood.   I find that the settlement proposed by the parties is fair and reasonable, and in the minor children's best interests.

Based on the foregoing, I recommend that the Court find the *Jones* factors are satisfied and approve the proposed settlement agreement.   I further recommend that the Court release Mr. Ish from his duties as guardian ad litem.   The parties agreed at the hearing to waive the 14-day objection period.

_____
Laura Fashing
United States Magistrate Judge